UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-06629-SPG-MAA | Date: September 28, 2022 |
| Title: Muhammed Hussain Muhammed v. Warden Langford | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   Order to Show Cause Why the Petition Should Not Be Dismissed

On September 7, 2022, Petitioner Muhammed Hussain Muhammed ("Petitioner"), a federal inmate currently incarcerated at Federal Correctional Institution Lompoc, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") ("Petition"). (Pet., ECF No. 1.) For the reasons discussed below, the Court directs Petitioner to explain why the Petition should not be characterized as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismissed as an uncertified second or successive Section 2255 motion.

Petitioner challenges a fifteen-year sentence he sustained in May 2014 in the United States District Court for the District of Arizona after pleading guilty to one count of 18 U.S.C. § 924(c) and (j)(1), and Possession and Use of a Firearm During and in Relation to a Drug Trafficking Offense or Crime of Violence Resulting in a Death. (*See* Pet. at 2[1]); *see also* Judgment in a Criminal Case, *United States v. Muhammed*, No. 2:12-cr-01793-DGC (D. Ariz. May 12, 2014), ECF No. 698.[2] The

---

[1] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

[2] The Court takes judicial notice of Petitioner's prior proceedings in the United States District Court for the District of Arizona and in the Ninth Circuit Court of Appeals. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-06629-SPG-MAA                                    Date:  September 28, 2022

Title:       Muhammed Hussain Muhammed v. Warden Langford

Petition alleges one ground for relief: that Petitioner's sentence was imposed in violation of the five-year maximum sentence provided under 18 U.S.C. § 924(c).  (*See* Pet. 6.)

  Before initiating the instant Petition, Petitioner filed at least one motion pursuant to Section 2255.  (*See id*. at 3–4); *see also* Order, *United States v. Muhammed*, No. 2:16-cv-02132-DGC-JZB (D. Ariz. Oct. 30, 2017), ECF No. 14 (denying Petitioner's Section 2255 motion on the merits).  Though Petitioner filed a motion in the Ninth Circuit of the United States Court of Appeals seeking permission to file a second or successive Section 2255 motion on June 27, 2016, he withdrew this motion on March 1, 2017.  *See* Order, *Muhammed v. United States*, No. 16-72168 (9th Cir. 2017), Dkt. No. 5 (granting Petitioner's motion to withdraw his application for authorization to file a second or successive Section 2255 motion).

  "[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to [28 U.S.C. § 2241] or [28 U.S.C. § 2255] before proceeding to any other issue."  *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000).  "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."  *Id.* at 864–65.  Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."  *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  But a federal inmate is limited to one Section 2255 motion unless he obtains a certificate from a United States Court of Appeals authorizing him to bring a second or successive motion.  *See* 28 U.S.C. § 2255(h).

  Although "restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241," *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), in limited circumstances an inmate who already has brought a Section 2255 motion may challenge the legality of detention by means of a Section 2241 action.  *See Alaimalo v. United States*, 645 F.3d 1042, 1046-47 (9th Cir. 2011).  Pursuant to Section 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch").

  A petitioner may utilize the savings clause only if (1) the petition presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-06629-SPG-MAA                                  Date: September 28, 2022

Title:     Muhammed Hussain Muhammed v. Warden Langford

claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). "To establish actual innocence for the purposes of habeas relief, a petition must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Alaimalo*, 645 F.3d at 1047 (citation and quotation marks omitted). An individual who "was convicted for conduct not prohibited by law" is actually innocent. *Id.* In considering whether the petitioner had an unobstructed procedural shot at presenting his claim, courts consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (citation and quotation marks omitted).

Here, the Petition challenges the legality of Petitioner's sentence, not the manner, location, or conditions of the execution of the sentence. (*See* Pet. 2.) Thus, unless the savings clause applies, the Petition should be construed as a Section 2255 motion, not as a Section 2241 petition. *See Harrison*, 519 F.3d at 961-62 (characterizing a Section 2241 petition not "brought pursuant to the escape hatch" as a "disguised" Section 2255 motion). Petitioner invokes the Section 2255 savings clause and asserts his Petition meets the savings clause requirements because he is "actually innocent of the sentence" imposed. (Pet. 16.) Petitioner contends that the fifteen-year sentence is "illegal and the judgment is void" because the sentence exceeded the five-year statutory maximum provided for by 18 U.S.C. 924(c). (*Id*. at 24.)

The allegations in the Petition do not meet the savings clause requirements. *First*, Petitioner does not assert a valid claim of actual innocence. Petitioner states that he "is actually innocent of the sentence" because Petitioner "was sentenced ten years above the statutory maximum." (*Id*. at 16.) Petitioner's allegations regarding the legality of his sentence, however, are irrelevant to the question of whether Petitioner was actually innocent of the crime to which he pleaded guilty. *Cf. Marrero*, 682 F.3d at 1193 ("[A] purely legal claim that has nothing to do with factual innocence . . . is not a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch."). Whether Petitioner was sentenced in excess of the statutory maximum under 18 U.S.C. § 924(c) has no bearing on whether "it is more likely than not that no reasonable juror would have convicted him." *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020) (quoting *Bousley v. United States*, 523 U.S. 614, 623)). In other words, Petitioner provides no evidence that he is actually innocent of the crime for which he was convicted and sentenced.

*Second*, even if Petitioner presented a valid claim of actual innocence, he already had an unobstructed procedural shot to assert such a claim. Petitioner does not explain why he did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-06629-SPG-MAA                                                      Date:  September 28, 2022

Title:     Muhammed Hussain Muhammed v. Warden Langford

challenge the legality of his sentence in his first Section 2255 motion and provides no reason for failing to do so.  Petitioner identifies the Supreme Court decision, *Alleyne v. United States*, 570 U.S. 99 (2013), upon which he bases his claim of an illegal sentence.  This decision was issued before Petitioner exhausted his first Section 2255 motion, which he filed in 2016.  *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By Person In Federal Custody, *United States v. Muhammed*, No. 2:16-cv-02132-DGC-JZB (D. Ariz. Oct. 30, 2017), ECF No. 8 (filed September 23, 2016).  Indeed, the cases Petitioner relied upon in his first Section 2255 motion were decided after *Alleyne* was decided in 2013.  Petitioner offers no argument as to why he failed to raise this claim in his first Section 2255 motion, nor does he contend the law changed since the time of filing his first Section 2255 motion. *See Alaimalo*, 645 F.3d at 1047 (holding that petitioner lacked an unobstructed opportunity to present his innocence claim in a prior Section 2255 motion where subsequently an intervening court decision materially changed the applicable law underlying the claim); *cf., e.g.*, *Harrison*, 519 F.3d at 961 (concluding habeas petitioner had unobstructed procedural shot where Ninth Circuit and Supreme Court precedent provided "ample basis" for petitioner to present his claim at the time of his guilty plea, direct appeal, and first Section 2255 motion).  Because Petitioner has shown no change in law that might affect his claims, Petitioner has not shown that he lacked an unobstructed procedural shot at presenting his claims.

In sum, the Petition does not show that the savings clause is applicable to this action.  Thus, unless Petitioner can demonstrate in a written response to this Order that his action may be brought pursuant to the savings clause, the Petition must proceed pursuant to Section 2255.

Petitioner previously filed a Section 2255 motion regarding the conviction and sentence challenged in the instant Petition.  (*See* Pet. 3–4; *see also* Order, No. 2:16-cv-02132-DGC-JZB (D. Ariz. Oct. 30, 2017), ECF No. 14 (denying Petitioner's Section 2255 motion on the merits).  Petitioner indicates that he has not obtained a certification from the Ninth Circuit authorizing him to file a second or successive Section 2255 motion.  (*See* Pet. 4.)  Should the Court construe the Petition as a motion pursuant to Section 2255, dismissal would be appropriate considering Petitioner's previous Section 2255 motions.  *See United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." (citing *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007))).

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why the Court should not recommend characterization of the Petition as a motion made pursuant to Section 2255, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:22-cv-06629-SPG-MAA                                                                  Date:  September 28, 2022

Title:        Muhammed Hussain Muhammed v. Warden Langford

dismissal of the action as an unauthorized second or successive Section 2255 motion.  Petitioner shall file a written response addressing the Court's concerns **no later than thirty (30) days** after the date of this Order.  Alternatively, Petitioner may voluntarily dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).  The Clerk is **DIRECTED** to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

**Petitioner is expressly cautioned that failure to respond to this Order to Show Cause within thirty (30) days of this Order will result in a recommendation that the Petition be summarily dismissed without prejudice for failure to prosecute and/or failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and/or for lack of jurisdiction pursuant to 28 U.S.C. § 2255(h) and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.**

This order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days of the date of the order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72.

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))